UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND PIPE LINE CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF SOUTH PORTLAND, et al., | ) ) ) |
| Defendants | ) |

No. 2:15-cv-54-JAW

### ORDER ON MOTION TO COMPEL
### PRODUCTION OF DOCUMENTS

As directed during my September 1, 2016, teleconference with counsel, *see* ECF No. 74 at 2, the parties have provided letter briefs addressing (i) the timeliness of the defendants' request for the court's aid in resolving disputes stemming from a privilege log provided by the plaintiffs on August 2, 2016, with respect to electronically stored information ("ESI"), (ii) what disputes remain following any further good-faith attempts at resolution, and (iii) the merits of the remaining disputes.

With the benefit of review of the parties' letter briefs, including attachments to the defendants' brief, and treating the disputes as the defendants' motion to compel the production of documents wrongly withheld by the plaintiffs on the ground of privilege, the motion is denied on the basis that the defendants did not engage in prompt, focused efforts to resolve or narrow their disputes or timely call them to the court's attention.[1]

---

[1] While I discussed with the plaintiffs' counsel, during the September teleconference, how quickly they could provide the court with the relevant documents for *in camera* review, I did not set a deadline at that time for them to do so. In my report and order, I did direct them to provide those documents to the court no later than 9:00 a.m. on September

1

The defendants brought the instant disputes to the court's attention on August 30, 2016, four weeks after the production of the log at issue. On the same day that the log was produced, August 2, discovery closed, save for a limited extension until September 2, 2016, that I had granted (over objection by the plaintiffs) solely for the purpose of permitting the defendants to take certain depositions. *See* ECF No. 70 at 2. The parties' Local Rule 56(h) deadline to file notices of intent to file for summary judgment is tomorrow, September 9, 2016. *See id*.

The defendants maintain that they diligently attempted to resolve the instant disputes, emailing letters to the plaintiffs on August 10 and 22, 2016, to which the plaintiffs, in letters emailed on August 15 and 24, 2016, offered no meaningful response, forcing recourse to the court. They assert that the plaintiffs' stonewalling during the parties' negotiations, as well as their late delivery of the ESI log on August 2, are the cause of any delays.

The plaintiffs counter that the defendants pursued a dilatory and burdensome approach, raising no concern about the adequacy of a similar hard-copy document privilege log that the plaintiffs had produced on July 14, 2016, and failing to define the scope and nature of their complaints about the ESI privilege log sufficiently to enable a particularized response. They acknowledge that they, as the parties asserting the privilege, bear the burden of demonstrating that the documents at issue are privileged. However, they assert that the defendants, as the parties pressing discovery disputes, bore the burden of defining the scope of those disputes in such a manner as to permit the plaintiffs an adequate opportunity to respond and the court to rule.

---

7, 2016. *See* ECF No. 74 at 2. My order was not docketed until the morning of September 6, following which the plaintiffs' counsel contacted me, by email on which opposing counsel were copied, to advise that they had been unaware of the deadline and would require 48 hours from the court's order that certain documents be subject to *in camera* review to deliver those documents to the court. The defendants' counsel responded, expressing concern that the plaintiffs had failed to comply with my order, including my directive to provide the court with all materials necessary to decide any issue on which it might have to rule. The defendants are correct that, given the time constraints of this case, I envisioned gathering all potentially necessary materials, including documents for *in camera* review. However, my ruling here moots the need for provision of the *in camera* documents.

The plaintiffs have the better argument.[2]

During a Local Rule 56(h) conference with counsel held on May 27, 2016, Judge Woodcock concluded that this case was not yet ready for summary judgment because discovery was ongoing. *See* ECF No. 55. However, he noted that "the Court is cognizant of the need for efficiency in discovery and for a speedy resolution of this case" and, therefore, urged "counsel to be expeditious." *Id.*

On June 9, 2016, in granting in part and denying in part a motion by the defendants to extend scheduling order deadlines by 60 days, I stated that they had not demonstrated good cause for a greater extension "to permit the resolution of expected discovery disputes . . ., particularly in view of this court's emphasis on the need for efficiency in discovery and for a speedy resolution of this case." ECF No. 59. I reminded the parties to bring to the court's attention "immediately" any discovery dispute(s) that they had "been unable to resolve through prompt, good-faith efforts pursuant to Local Rule 26(b)." *Id*.

The defendants' efforts at resolution of the instant disputes were not prompt. First, they raised no issue with the plaintiffs concerning the adequacy of a hard-copy privilege log produced on July 14 that contains the same categories of information as does the ESI log (record type, date, whether the document is redacted, a brief description of the subject matter, sender/author, recipient, person(s) copied, and type of privilege claimed).

The defendants contend that they reasonably waited to raise concerns about the adequacy of the plaintiffs' log until they received the complete log, which they knew was forthcoming. They

---

[2] The defendants protest that the plaintiffs themselves were dilatory, raising the issue of the July 14 log for the first time during my September 1 teleconference with counsel. Yet, the issue of the defendants' diligence became ripe only upon the failure of the parties' efforts to resolve the dispute. The plaintiffs, thus, did not forfeit the point by raising it then. In any event, a party's diligence in seeking the court's assistance in resolving a discovery dispute is a threshold issue that the court can raise *sua sponte* as part of its case-management responsibility.

note that the plaintiffs did not produce the hard-copy log until a week after producing hard-copy documents and after the defendants had already designated their experts with the benefit of an intensive review of those documents.  They add that, in any event, the relatively small hard-copy log contained only nine entries that could plausibly fit within the first of three categories they identify as problematic in the ESI log and similarly few entries for the other two categories.  They assert that, as a result, they were unaware of the pervasiveness of the plaintiffs' questionable withholding of documents until receiving the sizable ESI log, which totals 132 pages and lists 3,149 documents.

     Nonetheless, the hard-copy log served to place the defendants on notice of all three of the categories of flaws about which they now complain with respect to the ESI log.  The defendants could and should have raised those issues with the plaintiffs prior to August 2, when the discovery deadline expired for all but limited purposes.  The plaintiffs argue, and it stands to reason, that had the defendants raised any concern about the hard-copy privilege log when it was produced, the parties would have had time prior to the much more onerous task of preparation of the ESI log to confer and seek court intervention if necessary, possibly avoiding the instant disputes altogether.

     Second, once the defendants obtained the ESI log, they did not engage in prompt, focused efforts to attempt to narrow, if not resolve, their disputes despite the court's warnings concerning the need for expeditious handling of discovery disputes and the close of discovery for all purposes on September 2.

     The defendants did not contact the plaintiffs until August 10, approximately a week after receiving the ESI log.  Even allowing that the lengthy log would have taken some time to review, the defendants did not discuss specific entries.  Rather, they advised that, absent further detail, they suspected that the privilege was improperly claimed as to four categories of documents:

(i) communications not involving an attorney, (ii) communications made by or received by third parties or disclosed to third parties, (iii) communications or attachments in which no sender or recipient was listed on the log, and (iv) documents with respect to which work product protection had been claimed. They cited caselaw for the proposition that, in the circumstances such as those, the attorney-client privilege either never attaches or is waived. They demanded that by August 16 the plaintiffs produce all documents erroneously withheld and update the ESI log to provide sufficient detail to allow the defendants to assess the validity of the claims as to the remainder.

In their August 15 response, the plaintiffs flatly declined to undertake a wholesale review of their privilege log, decrying the undue burden of the request in light of the costly and time-consuming efforts already taken to create the log and standing by both its adequacy and the viability of their claims of privilege (with respect to which they also cited caselaw). They noted that the defendants had failed to identify even a single specific document at issue. Nonetheless, as to each of the categories, they requested that the defendants clarify the specific documents at issue and the manner in which the defendants contended that the ESI log supplied inadequate detail.

The defendants responded a week later, on August 22. They no longer pressed their dispute as to the fourth category of documents (those as to which work product protection was claimed).[3] They offered a chart listing every single entry on the ESI log pertaining to each of the remaining three categories, demanding that the plaintiffs promptly provide further detail as to the documents' nature or produce such documents as were determined to have been erroneously withheld upon reexamination. The chart listed the vast majority of entries on the log.

---

[3] In their August 15 letter, the plaintiffs had invited the defendants to reconsider whether pressing their claims regarding work product protection was worthwhile in that the vast majority of documents for which that protection was claimed were also withheld on a claim of attorney-client privilege.

The letter exchange ended on August 24 with the plaintiffs' refusal to undertake a wholesale review of substantial portions of their privilege log at that late hour on the bases given. They complained that the defendants had not credited or responded to the substantive comments and concerns raised in their August 15 letter.

The defendants did not immediately enlist the court's aid, waiting until August 30 to do so. They now seek production of all documents falling within the remaining three categories for the court's *in camera* review in determining whether to order that additional detail be provided in the ESI log or documents be produced. The defendants narrowed the universe of relevant documents by weeding out some of approximately 450 redacted documents, but the number of documents remaining is staggering.[4] This would impose a significant burden on the court in circumstances in which the parties' September 9 deadline to file Local Rule 56(h) notices looms.[5] The defendants represent that the pendency of these discovery disputes will not impact their ability to file such a notice and that they require no extension of that deadline or any other set by the court. However, during its Local Rule 56(h) conference, the court will set deadlines for the filing of summary judgment motions, and these presumably could be affected by the pendency of the disputes.

These burdens are not outweighed by possible prejudice to the defendants. I appreciate that the defendants cannot be certain, in the absence of the requested *in camera* review, whether documents have or have not been properly withheld. However, I take into consideration the plaintiffs' counsel's representation, as officers of the court, that the plaintiffs undertook a costly and labor-intensive two-step process with respect to claiming privilege as to ESI, first relying on

---

[4] The defendants no longer press any dispute as to an additional category of 83 "clawback" documents (ESI documents with respect to which the plaintiffs asserted claims of privilege following a second-tier review). The plaintiffs objected during my September 1 teleconference with counsel that the defendants raised that issue for the first time when they sought the court's aid on August 30, failing to afford them an opportunity to meet and confer regarding it.

[5] Indeed, the plaintiffs have just filed their Local Rule 56(h) notice of intent to file for summary judgment. *See* ECF No. 75.

a technologically-assisted privilege review by a hired ESI discovery vendor and then, following the production of more than 100,000 pages of ESI to the defendants on July 29, immediately undertaking a painstaking manual review to verify the privileged status of every ESI document marked as privileged and draft appropriate descriptions for the ESI log.  The plaintiffs' counsel further represent that the plaintiffs executed targeted searches of documents as to which privilege had been claimed to identify those less likely to have been privileged.  As a result of those efforts, when the plaintiffs produced their ESI log on August 2, they not only made new claims of privilege as to previously produced documents but also withdrew claims of privilege as to a number of other documents.

For the foregoing reasons, and treating the instant discovery disputes as the defendants' motion to compel the production of documents withheld or redacted on claims of attorney-client privilege, the motion is **_DENIED_**.

### _NOTICE_

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 8th day of September, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge