UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND PIPE LINE CORPORATION, et al., | ) ) ) |
| Plaintiffs | ) ) |
| v. | )     2:15-cv-00054-JAW ) |
| CITY OF SOUTH PORTLAND, et al., | ) ) ) |
| Defendants | ) ) |

**ORDER ON MOTIONS TO FILE BRIEFS AS AMICI CURIAE**

The Court grants the motions of amici curiae to file briefs in this lawsuit.

## I. BACKGROUND

Pending before the Court is Portland Pipe Line Corporation's lawsuit challenging the legality of the City of South Portland's "Clear Skies Ordinance," which prohibits all bulk loading of crude oil at the South Portland harbor and the installation, construction, reconstruction, modification, or alteration of new or existing facilities, structures, or equipment for the purpose of bulk loading of crude oil onto any marine tank vessel in the harbor of South Portland. *Compl. for Declaratory and Injunctive Relief* ¶ 38 (ECF No. 1). The effect of the Clear Skies Ordinance is to prohibit all activities related to the importation of crude oil by pipeline or other transportation methods for export. *Id.* By its nature, the lawsuit is a matter of public importance.

On November 2, 2016, the Court held a Local Rule 56(h) pre-filing conference in anticipation of the parties filing dispositive motions. *Min. Entry* (ECF No. 83). On November 17, 2016, the Plaintiffs filed a sixty-two-page motion for summary judgment, and the Defendants filed a sixty-page motion to dismiss and motion for summary judgment. *Pls.' Mot. for Summ. J.* (ECF No. 87); *Defs.' Consolidated Mot. to Dismiss Pursuant to Rule 12(b)(1) and Mot. for Summ. J.* (ECF No. 88). On December 20, 2016, the Defendants filed their opposition to the Plaintiffs' motion for summary judgment, and the Plaintiffs filed their opposition to the Defendants' motions to dismiss and for summary judgment. *Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss and for Summ. J.* (ECF No. 127); *Defs.' Opp'n to Pls.' Mot. for Summ. J.* (ECF No. 123). The parties' replies are due on January 13, 2017. *Procedural Order* at 1 (ECF No. 84).

Meanwhile, the Court received requests for leave to file amicus briefs on behalf of both the Plaintiffs and the Defendants. *Mot. for Leave to Participate as Amicus Curiae and File a Br. in Supp. of Pls.' Mot. for Summ. J. on Behalf of Portland Pilots, Inc., Me. Energy Mkt'rs Ass'n, and Associated Gen. Contractors of Me.* (ECF No. 100) (*Pilots, Energy, and Contractors Mot.*); *Mot. of the Conserv. Law Found. for Leave to File a Br.* Amicus Curiae (ECF No. 101) (*Conservation Mot.*); *Mot. for Leave to File Br. of* Amicus Curiae *in Supp. of Pls.' Mot. for Summ. J.* (ECF No. 105) (*Chamber Mot.*); *Mot. of the Am. Fuel & Petrochem. Mfrs., the Am. Petro. Inst., the Ass'n of Oil Pipe Lines, and the Int'l Liquid Terminal Ass'n for Leave to File* Amici Curiae *Br. in Supp. of Pls.' Mot. for Summ. J.* (ECF No. 109) (*Petroleum Mot.*).

In an already controversial case, the motions by potential amici curiae sparked a separate dispute and devolved into an exhaustive round of points and counterpoints. On December 1, 2016, the Defendants objected to the motions of the United States Chamber of Commerce and the Associated General Contractors of Maine to file amicus briefs. *Defs.' Consolidated Opp'ns to the Mots. of the U.S. Chamber of Commerce and Associated Gen. Contractors of Me,* et[] al[]., *for Leave to File Brs.* Amicus Curiae (ECF No. 111) (*Defs.' Opp'n*). The Chamber, the Contractors, and the Plaintiffs replied in support of the motions. *Reply in Supp. of Me. Energy Mkt'rs Ass'n, et al.'s Mot. for Leave to File an Amicus Curiae Br. in Supp. of Pl.'s Mot. for Summ. J.* (ECF No. 115) (*Contractors Reply*); *Reply in Supp. of Mot. for Leave to File Br. of* Amicus Curiae *in Supp. of Pls.' Mot. for Summ. J.* (ECF No. 116) (*Chamber Reply*); *Pls.' Resp. to Defs.' Opp'n to the Pending Mots. for Leave to File Brs.* Amicus Curiae (ECF No. 117) (*Pls.' Reply*).

On December 16, 2016, the Defendants moved to file a sur-reply to the reply of the Plaintiffs. *Defs.' Mot. for Leave to Resp. to Pls.' Resp. to Defs.' Opp'n to Pending Mots. for Leave to File Brs.* Amicus Curiae (ECF No. 118). On December 19, 2016, the Court granted the Defendants' December 16, 2016 motion. *Order Granting Mot. for Leave to File Sur-Reply* (ECF No. 121). The Defendants filed a sur-reply on December 22, 2016. *Defs.' Resp. to Pls.' Reply to Defs.' Opp'n to the Pending Mots. for Leave to File Brs.* Amicus Curiae *[Leave Granted 12/19/16]* (ECF No. 129) (*Defs.' Sur-Reply*). On December 28, 2016, the Plaintiffs responded to the Defendants' sur-

reply.  *Pls.' Resp. to Defs.' Third Opp'n to the Pending Mots. for Leave to File Brs. Amicus Curiae* (ECF No. 131) (*Pls.' Sur-Resp.*).

Meanwhile, on December 16, 2016, the Defendants objected to the American Petroleum motion for leave to file a brief as amici curiae.  *Defs.' Opp'n to the Mot. of the Am. Petro. Inst.,* et[] al[]*., for Leave to File a Br.* Amicus Curiae (ECF No. 119) (*Defs.' Petroleum Opp'n*).  Finally, on December 30, 2016, American Petroleum replied to the Defendants' opposition to their motion to file an amicus curiae brief.  *The Am. Fuel & Petrochem. Mfrs., the Am. Petro. Inst., the Ass'n of Oil Pipe Lines, and the Int'l Liquid Terminals Ass'n's Reply to Defs.' Opp'n to Mot. for Leave to File* Amici Curiae *Br.* (ECF No. 134) (*Petroleum Reply*).

## II.     POSITIONS OF THE PARTIES

### A.     The Amici Motions

The initial amici motions give synoptic treatment to whether they should be allowed to file friend of the court briefs.  *Pilots, Energy, and Contractors Mot.* at 1—4; *Conservation Mot.* at 1–4; *Chamber Mot.* at 1–3; *Petroleum Mot.* at 1–5.  Each potential amicus posits its unique perspective and its special interest in the subjects of the lawsuit and contends that its participation as amicus would be beneficial to the proceedings.  *Id.*

### B.     The Defendants' Opposition

#### 1.     The Contractors' and Chamber's Motions

On December 1, 2016, the Defendants filed their eleven-page opposition to the Contractors' and Chamber's motions.  *Defs.' Opp'n* at 1–11.  The Defendants' main

4

argument is that the Contractors' and Chamber's briefs attempt to introduce and argue new facts and do not restrict themselves to arguments of law. *Id.* In particular, the Defendants object to the Contractors' and Chamber's references to a report authored by Dr. Charles Lawton, an economist, whom they claim the Plaintiffs partially funded. *Id.* at 1–2. The Defendants note that the Plaintiffs repeatedly disavowed the need to designate an expert, and they worry that the proposed amicus briefs will place expert evidence before the Court, avoiding the Plaintiffs' discovery obligations and their discovery rights and seeking to get through the back door what the Plaintiffs could not get through the front. *Id.* at 3–8. The Defendants wonder whether the Plaintiffs, Contractors, and Chambers are in cahoots, claiming that the Plaintiffs commissioned and paid Dr. Lawton to prepare his report. *Id.* at 8–11.

### 2. The Petroleum's Motion

After the Petroleum amici filed their motion for leave to file as amici, the Defendants objected to the Petroleum amici's motion as well. *Defs.' Petroleum Opp'n* at 1–11. The Defendants claim that the "proposed [Petroleum] brief is presented by [Plaintiffs'] own attorneys who represent [Plaintiffs] on matters critical to disposition in this case and with whom [Plaintiffs have] withheld more than 50 relevant communications in discovery on the grounds of attorney-client privilege." *Id.* at 1. The authors of the proposed amici brief for Petroleum are Attorneys David H. Coburn and Joshua Runyan[1] of Steptoe & Johnson LLP. *Petroleum Mot.*, Attach. 1, Amici Curiae *Br. of the Am. Fuel & Petrochem. Mfrs., the Am. Petro. Inst., the Ass'n of Oil*

---

[1] The Defendants spell Attorney Runyan's last name Runyon; this appears incorrect. *See http://www.steptoe.com/professionals-Joshua_Runyan.html.*

*Pipe Lines, and the Int'l Liquid Terminals Ass'n in Supp. of Pls.' Mot. for Summ. J.* at 29. To their objection, the Defendants attached privilege logs in which the Plaintiffs claimed that email correspondence to and from Attorney Coburn are subject to the attorney-client privilege. *Defs.' Petroleum Opp'n*, Attachs. 1, 2, 6, 7, 9. The Defendants also attach letters from government officials to Attorney Coburn concerning Portland Pipe Line's applications for approval and from Attorney Coburn to a government official on behalf of Portland Pipe Line. *Id.* Attachs. 3, 4, 5. The Defendants further attach a memorandum of understanding in which Portland Pipe Line and other business entities hired Steptoe & Johnson to represent their mutual interests in 2008 in attempting to secure approval for reversing the flow of oil on the Portland Pipe Line's pipe line from Montreal to South Portland. *Id.* Attach. 8, *Mem. of Understanding* at 1–2. Finally, the Defendants note that after Portland Pipe Line designated as privileged communication with Steptoe & Johnson, the Defendants moved to compel production of any communication between Portland Pipe Line and any attorney communicating with Portland Pipe Line, but not in an attorney-client capacity, and Portland Pipe Line vigorously opposed the motion. *Defs' Petroleum Opp'n*, at 6–7. Because the Petroleum amici are represented by Portland Pipe Line counsel, the Defendants argue that the purported amici brief is nothing more than a second brief by the Plaintiffs. *Id.* at 7.

The Defendants also contend that the Petroleum amici are attempting to introduce expert evidence that the Plaintiffs themselves did not designate. *Id.* at 8–

6

9. Finally, they maintain that the Petroleum amici's arguments are duplicative of arguments the Plaintiffs have already made. *Id.* at 9–10.

### C. The Amici's and Plaintiffs' Replies

#### 1. The Contractors' Reply

The Contractors reply that there are no "hard-and-fast rules that this Court must follow when deciding whether to grant amicus status to a petitioner." *Contractors Reply* at 2. They emphasize the district court's discretion in addressing a motion for leave to file an amicus brief. *Id.* at 2–3. This is because, they argue, the trial court "is free to reject (or accept) whatever parts of [their] tendered amicus brief it chooses," and they urge the Court not to disregard their submission in its entirety because the Defendants find some parts "offensive." *Id.* at 3–4. The Contractors dispute whether the submitted information about the impact of the South Portland ordinance is in fact expert evidence but stress that the Court is free to reject this part of their brief. *Id.* at 4. Moreover, the Contractors say that the Lawton report is already "in the record." *Id.* at 5. Finally, they reject the Defendants' claim that they colluded with the Plaintiffs. *Id.*

#### 2. The Chamber's Reply

In their reply, the Chambers amici disagree with the Defendants' view of the Lawton report. *Chamber Reply* at 1–3. They say that their references to the Lawton report were only to demonstrate that they have a bona fide interest in the proceeding and to show that the Clear Skies Ordinance implicates concerns underlying the Foreign Commerce and Supremacy Clauses. *Id.* at 2. They describe the Lawton

7

report as containing "so-called 'legislative facts'," not adjudicative facts. *Id.* at 3 (quoting *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999)). They dispute the Defendants' characterization of their reliance on the Lawton report, and they dismiss the Defendants' cited caselaw as inapplicable. *Id.* at 3–5. Finally, they proclaim their independence from the Plaintiffs and reject the Defendants' assertion that they have coordinated their positions with the Plaintiffs. *Id.* at 5.

### 3. The Plaintiffs' Reply

The Plaintiffs support the amici motions. *Pls.' Reply* at 1–4. They note that none of the potential amici has requested "amici-plus" status; the motions seek only to file briefs. *Id.* at 1. Contrasting their position with that of the Defendants, the Plaintiffs stress that they do not object to the filing of any of the amici briefs, including the proposed brief against the Plaintiffs' position. *Id.* at 2. The Plaintiffs observe that the Chamber has filed numerous amici briefs in federal courts. *Id.* at 2, n.2 (stating that the Chamber has filed twenty-four amicus briefs before the First Circuit and hundreds before the United States Supreme Court). The Plaintiffs express puzzlement with the Defendants' objection to the Lawton report, noting that it was commissioned by the Maine Energy Marketers Association to assess the potential economic impact of the Waterfront Protection Ordinance, was widely disseminated, and is still publicly available. *Id.* at 2–3. The Plaintiffs also deflect the Defendants' suspicions that they coordinated with the amici, commenting that the "truth is more mundane." *Id.* at 3. They concede that they helped fund (to the

8

tune of less than 10% of the total amount) the work of a Maine Energy ballot committee to defeat the enactment of the Waterfront Protection Ordinance, but the Plaintiffs say this is hardly surprising, given the potential impact the earlier ordinance would have had on the Plaintiffs' business. *Id.* But they emphatically deny anything "nefarious." *Id.* Finally, they observe that they are relying on the statements of material fact submitted in the pending summary judgment motion to form the factual backdrop for the Court's summary judgment ruling. *Id.* at 4. They urge the Court to focus on the legal arguments that the amici are making and the helpful perspective they bring to the Court. *Id.*

**D. The Defendants' Sur-Reply**

In their sur-reply, the Defendants focus on the Lawton report and urge the Court to disregard it. *Defs.' Sur-Reply* at 1–3. They note that the Lawton report was prepared to address the Waterfront Protection Ordinance, which was not enacted, not the Clear Skies Ordinance, which was. *Id.* at 1–2. Hence, they contend the Lawton report is immaterial to the Clear Skies Ordinance. *Id.* The Defendants dispute the notion that the Clear Skies Ordinance is only a different iteration of the Waterfront Protection Ordinance. *Id.* at 2. They view the Clear Skies Ordinance as being much more narrowly drawn than the Waterfront Protection Ordinance. *Id.* Finally, they repeat their earlier point about the Plaintiffs' disavowing any resort to expert evidence. *Id.* at 3.

**E. The Plaintiffs' Sur-Response**

9

In their sur-response, the Plaintiffs emphasize that the facts upon which they are arguing the pending motion are set forth in their statement of material facts and do not include the Lawton report. *Pls.' Sur-Response* at 1–2. They view the Defendants' accusation that they or their surrogates are trying to "sneak in proof outside that cited in [their] own motion and opposition" as a "mystery." *Id.* at 2. They say that their argument is based on two facts: "the Ordinance (1) prohibits loading of cargo onto ships; and (2) prevents [Portland Pipe Line] from reversing the flow of its pipeline." *Id.*

F.  **The Petroleum Reply**

First, the Petroleum amici reiterate the applicable standards for a district court's evaluation of an amicus motion. *Petroleum Reply* at 2. They argue that their participation as amici would be consistent with the purposes underlying friend of the court briefs. *Id.* at 2–3. Next, they dispute the Defendants' contention that they have improperly coordinated with the Plaintiffs to introduce otherwise unpermitted evidence. *Id.* at 3–4. Relying on an affidavit from Attorney Coburn, they also reject the Defendants' accusation that their law firm, Steptoe & Johnson, represented Portland Pipe Line on matters directly at issue in this litigation or that Portland Pipe Line paid their law firm or directed their lawyers in any way in their preparation of the amici brief. *Id.*, Attach. 1, *Decl. of David H. Coburn in Supp. of Amici's Reply to Defs.' Opp'n to Mot. for Leave to File* Amici Curiae *Br.* at 1–2 (*Coburn Decl.*). Regarding the Defendants' evidentiary objections, the Petroleum amici urge the Court to give whatever weight it chooses to the contested evidence, and if the Court

deems the evidence improper, the Petroleum amici offer to redact the contested statements from their brief. *Id.* at 4–5. Lastly, the Petroleum amici contest the Defendants' argument that the contents of their brief are duplicative. *Id.* at 5–6.

## III. LEGAL STANDARDS

Although there are rules regarding amici curiae on appeal, the Federal Rules of Civil Procedure are silent "as to the conditions under which a trial court should permit amicus appearances and the restrictions, if any, that should attend its appearance." *Animal Prot. Inst. v. Martin*, 06-cv-128-B-W, 2007 U.S. Dist. LEXIS 13378, at *6 (D. Me. Feb. 23, 2007) (quoting *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003)). A district court retains "the inherent authority to appoint amicus curiae to assist it in a proceeding." *Id.* (internal punctuation omitted). Whether to grant amicus status remains "within the sound discretion of the court." *Id.* (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). It is a matter of "judicial grace." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *National Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

At the same time, the First Circuit has urged caution:

> [W]e believe that a district court lacking joint consent of the parties should go slow in accepting...an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

*Strasser*, 432 F.2d at 569. The *Strasser* Court also warned that "an amicus who argues facts should rarely be welcomed." *Id.*

11

Generally, amicus status is granted "only when there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Animal Prot. Inst.*, 2007 U.S. Dist. LEXIS 13378, at *7–8 (internal punctuation and citation omitted). Among the concerns with allowing the participation of amici are (1) inundating the judge with extraneous reading, (2) making an end run around court-imposed limitations on the parties, including discovery restrictions, the rules of evidence, and the length and timing of the parties' briefs, (3) increasing the cost of litigation, (4) creating side issues not generated directly by the parties, and (5) injecting interest group politics into the federal judicial process. *See Voices for Choices*, 339 F.3d at 544.

## IV. DISCUSSION

The Plaintiffs, Defendants, and the amici all amply demonstrate one of the major drawbacks with the amici process. By the Court's count, together they filed sixty-one pages of argument, fourteen exhibits, and one affidavit, not on the merits of the case, but about whether the amici should be allowed to argue about the merits of the case: arguing about who can argue, and proving Judge Posner's concern about inundating the court with legal memoranda and driving up the cost of litigation. *See id.*

In dealing with amici motions, this Court has elected to follow the practical advice of then-Judge Samuel Alito, who essentially suggested that, assuming the other criteria are met, the court could grant the motion for leave to file an amicus

brief and take the brief for what it is worth. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132-33 (3d Cir. 2002); *see Animal Prot. Inst.*, 2007 U.S. Dist. LEXIS 13378, at *10–11. Judge Alito drew three requirements from Federal Rule of Appellate Procedure 29: (1) an adequate interest, (2) desirability, and (3) relevance. *Id.* at 131; FED. R. APP. P. 29(a)(3). Although not directly applicable to the trial court, appellate Rule 29(a) supplies, in the Court's view, an excellent analytic framework to evaluate the pending motions. In this case, the Court has the advantage of knowing what the amici intend to argue in their briefs because each amicus filed a proposed brief with the motion. Here, each of the proposed amici has demonstrated an adequate interest in the matter before the Court. Given the fact that the case involves the legality of a municipal ordinance, significant environmental concerns, and important business interests, the Court views the amici briefs as desirable because they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests. Finally, the Court concludes that the arguments of amici, both for and against the lawsuit, are relevant.

Even so, the Defendants are right to be concerned about whether the amici will infuse external facts into the Court's consideration. The context of the amici motions is a pending motion for summary judgment, where the parties—but not the amici— are bound by Federal Rule of Civil Procedure 56 and Local Rule 56. In particular, the latter requires an elaborate point-counterpoint process whereby the parties winnow their harvest of discovered information into small grains of uncontested facts

13

for purposes of the ruling. In assessing the briefs of the amici, the Court will do its best not to allow asserted facts from amici that have not been subjected to Local Rule 56 to affect its decision. This should not pose an inordinate problem because the Court will glean the facts not from the contents of the amici briefs, but from the statements of material facts submitted by the parties.

The Court also agrees with the Defendants that it is unusual to have a set of amici represented by the same law firm that once represented one of the parties in a similar prior dispute, the significance of which is an issue in this case. Nevertheless, the Court accepts Attorney Coburn's declaration that his law firm not only does not represent Portland Pipe Line in this litigation, but also that his law firm will not be paid by Portland Pipe Line and has not coordinated its filing with Portland Pipe Line. The test here, however, is whether the amici have provided the Court something of value to assist the Court in arriving at its decision. By this standard, regardless of who wrote the brief, it passes muster.

This leaves the perennial question of the cost of litigation and the delay occasioned by the arguments of the amici. Each is always a concern, particularly in this case where the issues are complex and the parties and the amici are all represented by highly professional litigators. The only answer is that it is more efficient in the long run to have the trial court make the right decision; in general, it is preferable to have the right decision a bit later than the wrong decision a bit earlier. If the amici help guide the Court to the correct decision, it will save the parties the

trouble and expense not of an appeal, which the Court views as inevitable, but of a remand.

As the Court is granting the amici motions, the next question is whether the parties might wish to respond to the arguments of the amici. The Court will not order the parties to respond, but will allow them to do so, if they wish. The Court will not allow the amici to reply to the response, because as these motions demonstrate, there will be no end to argument. If the parties wish to file responses to the briefs filed by the amici, they must do so within two weeks of the date of this order. The Court subjects these responses to the ten-page limit under Local Rule 7(e).

## V. CONCLUSION

The Court GRANTS the Motion for Leave to Participate as Amicus Curiae and File a Brief in Support of Plaintiffs' Motion for Summary Judgment on Behalf of Portland Pilots, Inc., Maine Energy Marketers Association, and Associated General Contractors of Maine (ECF No. 100); the Motion of the Conservation Law Foundation for Leave to File a Brief Amicus Curiae (ECF No. 101); the Motion for Leave to File Brief of Amicus Curiae in Support of Plaintiffs' Motion for Summary Judgment (ECF No. 105); and the Motion of the American Fuel & Petrochemical Manufacturers, the American Petroleum Institute, the Association of Oil Pipe Lines, and the International Liquid Terminal Association for Leave to File Amici Curiae Brief in Support of Plaintiffs' Motion for Summary Judgment (ECF No. 109). If either the Plaintiffs or Defendants wish to file a response to the briefs of the amici, they must do so within fourteen days of the date of this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2017