UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND PIPE LINE CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) 2:15-cv-00054-JAW |
| CITY OF SOUTH PORTLAND, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON FILING DEADLINES**

Following issuance of its Order dated May 11, 2017 (ECF No. 156), the Court held a telephone conference of counsel on June 8, 2017 to discuss further proceedings. At that conference, subject to witness availability, it was initially agreed that a testimonial hearing would be held on July 11, 2017 to address the question of subject matter jurisdiction discussed in the May 11, 2017 Order. In anticipation of that hearing, the parties agreed to the following dates for disclosures:

1) June 21, 2017: Plaintiffs' Summary of Direct Examinations;

2) June 22, 2017: Plaintiffs' List of Exhibits;

3) July 6, 2017: Defendants' Summary of Direct Examinations; and

4) July 7, 2017: Defendants' List of Exhibits.

After the June 8, 2017 telephone conference, however, the Defendants discovered that Sarah Emerson, one of their proposed witnesses, although available on July 11, 2017, would not be available during the time preceding the July 11, 2017 hearing to allow

Defendants' counsel to adequately prepare for the hearing. *Defs.' Mot. to Reset Deadlines* at 2-3 (ECF No. 161). On June 12, 2017, over the Plaintiffs' objections, the Court granted the Defendants' motion to continue the hearing scheduled for July 11, 2017, but it denied the Defendants' motion to reset the deadlines in order to give counsel an opportunity to consult once a new hearing date was set. *Order* (ECF No. 164).

On June 13, 2017, the Court reset the hearing date for August 9, 2017. *Notice of Rescheduled Hr'g* (ECF No. 165). Unfortunately, counsel have not been able to agree on the resetting of dates for prehearing submissions. *Compare Letter from Att'y John J. Aromando to Hon. John A. Woodcock, Jr.* (Jun. 16, 2017) (ECF No. 166) (*Aromando Letter*); *with Letter from Jonathan M. Ettinger to Hon. John A. Woodcock, Jr.* (Jun. 19, 2017) (ECF No. 167) (*Ettinger Letter*). Counsel agree that the Plaintiffs' Summary of Direct Examinations and List of Exhibits will be due by July 5, 2017 and that Defendants' Summary of Direct Examinations and List of Exhibits will be due by July 26, 2017.

The point of disagreement is whether the exchange of witness lists should be joint or staggered. The Plaintiffs prefer a joint submission on June 23, 2017, arguing that it is standard practice for the parties in a civil case to file witness lists simultaneously and that the identity of the Defendants' witnesses will inform which witnesses the Plaintiffs may call at the hearing. *Aromando Letter* at 1-2. Further, the Plaintiffs say that a staggered filing will give the Defendants an unfair advantage and all the Plaintiffs are seeking is "an even playing field." *Id.* at 2.

2

The Defendants argue that staggered deadlines would be consistent with the Plaintiffs' burden of proof on the jurisdictional issue. *Ettinger Letter* at 2. The Defendants also press their earlier insistence that the Plaintiffs promised not to present any evidence at the upcoming hearing that has not been revealed in discovery, saying that if the Plaintiffs made this concession, simultaneous due dates would be appropriate. *Id.*

The Court concludes that it is appropriate for both parties to reveal their anticipated witnesses at the same time and to this extent, it agrees with the Plaintiffs that a simultaneous due date for the list of witnesses is appropriate. There is no mystery as to the issues on the jurisdictional question now before the Court and for efficiency, it makes sense to allow the Plaintiffs to consider the witnesses the Defendants contemplate calling at the August 9, 2017 hearing in order to frame their summary of testimony. At the same time, the Court is not inclined to be hyper-technical, if the parties are able to demonstrate good cause for the addition of a witness or a supplementation of testimony, they are free to move the Court to adjust the schedule in the interest of justice.

Finally, to respond to the Defendants' point about discovery, the Court does not view the scheduling issue to be an appropriate place to extract concessions about discovery and promises about anticipated testimony. The Court does not wish the August 9, 2017 hearing to devolve into discovery disputes. The issues before the Court are of public significance and the Court is interested in reaching the merits of

the jurisdictional issues, rather than responding to accusations of discovery violations.

The Court ORDERS that the following schedule will apply to the upcoming August 9, 2017 hearing:

(1) June 23, 2017: the parties will exchange witness lists;

(2) July 5, 2017: the Plaintiffs will serve a summary of direct testimony and their exhibit list; and

(3) July 26, 2017: the Defendants will serve a summary of direct testimony and their exhibit list.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2017