UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PORTLAND PIPE LINE CORPORATION, et al., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | 2:15-cv-00054-JAW |
| CITY OF SOUTH PORTLAND, et al., | | |
| Defendants. | | |

**ORDER ON DEFENDANTS' MOTION TO ALTER OR AMEND THE JUDGMENT (A) TO HAVE COUNT VII OF THE COMPLAINT (CIVIL RIGHTS VIOLATION) DISMISSED WITH PREJUDICE AND (B) TO SUBSTITUTE MATTHEW LeCONTE FOR PATRICIA DOUCETTE**

On August 27, 2018, the Court issued a judgment in favor of the Defendants and against the Plaintiffs in this civil action. *Order and J.* (ECF No. 255). On August 28, 2018, the Defendants moved to amend the judgment to have Count VII dismissed with prejudice and to substitute Matthew LeConte for Patricia Doucette. *Defs.' Mot. to Alter or Amend the J. (A) to Have Count VII of the Compl. (Civil Rights Violation) Dismissed with Prejudice and (B) to Substitute Matthew LeConte for Patricia Doucette* (ECF No. 257) (*Defs.' Mot.*). On September 18, 2018, the Plaintiffs filed a partial objection. *Pls.' Partial Obj. to Defs.' Mot to Alter or Amend the J. (A) to Have Count VII of the Compl. (Civil Rights Violation) Dismissed with Prejudice and (B) to Substitute Matthew LeConte for Patricia Doucette* (ECF No. 258) (*Pls.' Partial Opp'n*). On September 21, 2018, the Defendants filed a notice confirming that they would not

file a reply to the Plaintiffs' response. *Notice the Defs. will not File a Reply in Support of their Mot. to Alter or Amend the J.* (ECF No. 259).

## I. Motion to Amend Judgment to Substitute Party

The Defendants filed the motion to substitute party pursuant to Federal Rule of Civil Procedure 25(d) because Patricia Doucette, who was the Code Enforcement Officer for the city of South Portland, retired in 2017 and she has been succeeded by Matthew LeConte. *Defs.' Mot.* at 3. The Plaintiffs do not oppose this motion. *Pls.' Partial Opp'n* at 1. Without objection, the Court GRANTS the Defendants' motion to amend to the judgment insofar as it requests that the Matthew LeConte be substituted as city of South Portland Code Enforcement Officer for the retired Patricia Doucette.

## II. Motion to Amend Judgment to Dismiss Count VII with Prejudice

On August 27, 2018, the Court issued a final judgment, entering judgment for the Defendants and against the Plaintiffs on Counts I, II, III, IV, V, VI, VIII and IX of the Complaint. *J.* at 1 (ECF No. 256). Regarding Count VII, the judgment stated:

> Judgment of dismissal without prejudice is hereby entered as to Count VII of the Complaint.

*Id.* at 1.

The Plaintiffs' February 6, 2015 complaint contained nine counts, including asserted violations of the Supremacy Clause, the Commerce Clause, and other theories. *Compl. for Decl. and Inj. Relief* (ECF No. 1). Count VII of the Complaint alleged that the ordinance deprived the Plaintiffs of "rights secured by the United States Constitution, as set forth above, under color of state law, thereby violating 42

U.S.C. § 1983." *Id.* at 32. As framed, Plaintiffs' success on Count VII depended on the Court's resolution favorable to the Plaintiffs of the alleged constitutional violations set forth in other counts.

On November 17, 2016, the Plaintiffs filed a motion for summary judgment and the same day, the Defendants filed a consolidated motion to dismiss and motion for summary judgment. *Pls.' Mot. for Summ. J.* (ECF No. 87); *Defs.' Mot. for Summ. J.* (ECF No. 88) (*Defs.' Mot.*). In their filings, the parties agreed that the only remaining issue in Count VII was whether the Court should award attorney's fees, and they agreed that the Court should defer an order on that issue until after the Court ruled on the merits of the case. *Defs.' Opp'n to Pl.'s Mot. for Summ. J.* at 59-60 (ECF No. 123) (*Defs.' Opp'n*); *Pls.' Reply in Support of Their Mot. for Summ. J.* at 29 (ECF No. 140) (*Pls.' Reply*).

The Defendants suggested that the proper resolution of Count VII would involve such issues as whether a claim based solely on the Supremacy Clause is cognizable under 42 U.S.C. § 1983, whether a claim based on an alleged violation of the Commerce Clause should be subject to the attorney's fee provisions of § 1983, and whether fees should be awarded as a matter of public policy. *Defs.' Opp'n* at 59-60. The Plaintiffs agreed that the issues in Count VII would not be "relevant until after the Court enters judgment on Plaintiffs' claim for substantive relief." *Pls.' Reply* at 30. Based on the positions of the parties, the Court dismissed Count VII without prejudice, *Order on Mot. for Summ. J.*, and the August 27, 2018 judgment incorporated the Court's December 29, 2017 order. *Compare Order on Mots. for*

3

*Summ. J.* at 228; *with J.* at 1. The Court never addressed any of the issues that the parties, specifically the Defendants, identified as critical to the proper resolution of Count VII, and it never reached the merits of Count VII.

The Court fully anticipates that its decisions will be appealed to the Court of Appeals for the First Circuit. If the Court of Appeals affirms the judgment, the Plaintiffs will have no grounds to proceed under Count VII because relief under Count VII expressly depends upon the Plaintiffs' success on one or more of the constitutional counts. If the First Circuit reverses and concludes the Plaintiffs should have been successful in one or more of their constitutional claims, Count VII would come into play and this Court will turn to the merits of Count VII's attorney's fee provisions. If the First Circuit reverses and remands the case for further proceedings, the Court will be able to address Count VII depending on its resolution of the issues on remand. Finally, if the judgment is not appealed, Count VII will fall of its own weight. In the event the Plaintiffs ultimately prevail on appeal on one or more constitutional count and in this way Count VII returns to this Court, it is wiser to make it clear that the Court has never addressed its merits, so that the Court will not be foreclosed from doing so.[1]

---

[1] Although the appealability of the dismissal of Count VII without prejudice is a matter for the Court of Appeals, there is First Circuit authority that appears to allow the Defendants to bring this issue to the Court of Appeals for the First Circuit. *City of Bangor v. Citizens Comm. Co.*, 532 F.3d 70, 99 n.14 (1st Cir. 2008); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 629 (1st Cir. 2000); *Pratt v. United States*, 129 F.3d 54, 57-58 (1st Cir. 1997) ("Appellate courts routinely exercise jurisdiction over claims dismissed without prejudice when the dismissal contains sufficient indicia of finality").

4

The Court does not share the Defendants' expressed concern that the Plaintiffs will have the right to initiate another civil rights claim based on the same conduct underlying this action. If the Plaintiffs filed a second suit alleging the same constitutional violations they have already been unsuccessful in proving, the dismissals with prejudice of those claims would bar the second action. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). If the Plaintiffs filed a second suit alleging different constitutional violations based on the same conduct, they would face significant legal obstacles. *See Airframe Sys. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010) ("Federal claim preclusion law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made"). The Defendants' concern about a second lawsuit is more hypothetical than real.

### III. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion to Alter or Amend the Judgment (A) to Have Count VII of the Complaint (Civil Rights Violation) Dismissed with Prejudice and (B) to Substitute Matthew LeConte for Patricia Doucette (ECF No. 257). The Court GRANTS the motion without objection insofar as it requests that the Complaint be amended to substitute the current Code Enforcement Officer for the city of South Portland, Matthew LeConte, for retired

5

Code Enforcement Officer Patricia Doucette and the Court DENIES the motion insofar as it requests that the Court dismiss Count VII with prejudice.

SO ORDERED.

                                                 <u>/s/ John A. Woodcock, Jr.</u>
                                                 JOHN A. WOODCOCK, JR.
                                                 UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2018